UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER GOODALL,

    Plaintiff,

v.                                    Case No: 2:14-cv-399-FtM-38CM

COMPREHENSIVE WOMEN'S HEALTH
CENTER, BAYFRONT MEDICAL
HEALTH GROUP, BAYFRONT
HEALTH PORT CHARLOETTE,
STEPHEN B. RUSSELL as the
State Attorney for Florida's
Twentieth Judicial Circuit,
JOHN DOE I in his or her
official capacity as Special
Assistant State's Attorney,
JOHN DOE(S) II, physicians
providing obstetric care at
Bayfront Health Port
Charlotte,

    Defendants.
_____/

## OPINION AND ORDER

This matter comes before the Court on Plaintiff Jennifer Goodall's Motion for Temporary Restraining Order (Doc. #2) filed on July 18, 2014. Plaintiff moves the Court for an order restraining Defendants Comprehensive Woman's Health Center, Bayfront Medical Health Group, Bayfront Health Port Charlotte, Stephen B. Russell, John Doe I, and John Doe II from the following:

(1) Contacting Florida's Department of Children and Family Services because she has refused to consent to a Caesarian

  surgery unless and until a medical complication arises during labor;

(2) Instituting process for an "Expedited Judicial Intervention Concerning Medical Treatment Procedures";

(3) Performing a cesarean surgery without Plaintiff's consent and over her objection; and

(4) Interfering with her ability to obtain care from another hospital or obstetrical practice by sharing a letter dated July 10, 2014 (described below) with any other medical provider, hospital, or entity.

(Doc. #2 at 1-2).

## BACKGROUND

Plaintiff is approximately forty (40) weeks pregnant with her fourth child, and her estimated due date is July 18, 2014. (Doc. #6, ¶ 1.) Since on or about June 13, 2014, Plaintiff has been receiving prenatal care at Defendant Comprehensive Women's Health Care. (Doc. #6, ¶ 2.) Her previous three children were born via Caesarean surgeries. (Doc. #6, ¶ 2.) Wanting to avoid an additional surgery, however, Plaintiff wishes to deliver her fourth child vaginally. (Doc. #6, ¶ 2.) Plaintiff told her treating physicians, Drs. Aimee Young and Nay Hoche, of her desire to attempt a trial of labor after cesarean section ("TOLAC"). (Doc. #2, ¶¶ 2-8.) She explained, however, that she would consent to an elective Caesarean surgery, if complications arose during

the labor that made such a procedure medically necessary. (Doc. #6, ¶ 4.) Although Drs. Young and Hoche did not agree with Plaintiff's position from a medical standpoint, Plaintiff believed that they would honor her decision.

On July 10, 2014, Plaintiff received letter from Cheryl Tibbett, the Chief Financial Officer of Defendant Bayfront Health Port Charlotte ("Defendant BHPC"), stating that the hospital's ethics committee had reviewed her case and intended to take the following actions: (1) "contact the Department of Children and Family Services about [her] refusal to undergo a Cesarean section"; (2) "begin a process for an Expedited Judicial Intervention Concerning Medical Treatment Procedures" regarding the delivery of her child; and, (3) in the event she presented at their hospital, and her physicians deemed it clinically necessary, they would perform Cesarean section "with or without [her] consent." (Doc. #6 at 9-10.) Plaintiff was also encouraged to find a physician who would agree to her demand for a vaginal delivery; and if she did, they would "be happy to supply the physician with [her] records in a timely manner so there [wa]s no interruption in care." (Doc. #6 at 10.) Despite her efforts, Plaintiff, however, has been unsuccessful in finding another physician. (Doc. #6, ¶ 12.)

On July 18, 2014, Plaintiff filed a nine-count complaint against Defendants. (Doc. #1.) Plaintiff alleges Defendants have violated her due process, privacy, and equal protection rights

3

under the Fourteenth Amendment to the United States Constitution and violated her rights under the Article I, Sections 23 and 9 of the Florida Constitution. Plaintiff also alleges state law causes of action for assault, intentional infliction of emotional distress, and negligent infliction of emotional distress, and seeks a declaratory judgment.

## DISCUSSION

To obtain a temporary restraining order, a party must demonstrate that (1) there is a substantial likelihood of success on the merits; (2) irreparable injury will be suffered if the relief is not granted; (3) the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) the entry of the relief would serve the public interest. Parker v. State Bd. of Pardons & Paroles, 275 F.3d 1032, 1034-35 (11th Cir. 2001); Schiavo ex rel. Schindler v. Schiavo, 430 F.3d 1223, 1225–26 (11th Cir. 2005). The moving party bears the burden of proof on each requirement. Additionally, under Rule 65(b) of the Federal Rules of Civil Procedure, a court may issue a temporary restraining order without notice to the adverse party

> only if (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). "The specific requirements of Rule 65(b) are not mere technical niceties." Am. Can Co. v. Mansukhani, 742 F.2d 314, 324 (7th Cir. 1984). The "stringent restrictions" of Rule 65 recognize that "our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." Granny Goose Foods, Inc. v. Bhd. of Teamsters, 415 U.S. 423, 438-39 (1974); see also Mansukhani, 742 F.2d at 324-25 ("[T]he procedural hurdles of Rule 65 are intended to force both the movant and the court to act with great care in seeking and issuing an ex parte restraining order."). Rule 4.05(a) of the Middle District of Florida Local Rules also requires that *ex parte* restraining "orders will be entered only in emergency cases to maintain the status quo until the requisite notice may be given and an opportunity is afforded to opposing parties to respond to the application for a preliminary injunction." M.D. Fla. R. 4.05(a).

The Court doubts that Plaintiff has satisfied Rule 65(b) and Local Rule 4.05(a). At the very least, Plaintiff has not certified in writing any efforts made to give notice, or the reasons why it should not be required. At least some of the defendants are readily available, and plaintiff clearly anticipates contact with at least some of them. See generally McMahon v. Cleveland Clinic Found. Police Dep't, 455 F. App'x 874, 878 (11th Cir. 2011) (concluding that the district court did not abuse its discretion

5

in denying plaintiff's motion for a temporary restraining order because he failed to provide any of the information required by Rule 65(b)).

Additionally, the Court concludes that Plaintiff has not established the requirements justifying a temporary restraining order.  There is simply no legitimate basis to forbid any defendant from notifying the Florida Department of Children and Family Services of the situation or to believe that such notification violates any of Plaintiff's constitutional rights.  Further, there is no legal basis to forbid institution of a state judicial proceeding if one is warranted, and enjoining such a state court proceeding would appear to violate 28 U.S.C. § 2283.  There is no evidence that any defendant is or will interfere with Plaintiff's ability to obtain care from another hospital or obstetrical practice, but in any event there is no showing that sharing the July 10, 2014 letter is substantially likely to violate any of Plaintiff's constitutional rights.  The Court also finds that Plaintiff has not established she is substantially likely to succeed on the merits of her claim that she has a right to compel a physician or medical facility to perform a medical procedure in the manner she wishes against their best medical judgment.

Accordingly, it is now

**ORDERED:**

    1. Plaintiff's Motion for Temporary Restraining Order (Doc. #2) is **DENIED**.

    2. The Court will rule on Plaintiff's request for a preliminary injunction after Defendants have an opportunity to respond and a hearing is held on this matter. See Fed. R. Civ. P. 65(a); Local Rule 4.06(a).

    **DONE** and **ORDERED** in Fort Myers, Florida this ___18th___ day of July, 2014.

                                    _____
                                    JOHN E. STEELE
                                    UNITED STATES DISTRICT JUDGE


Copies:
All Parties of Record

7