UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JENNIFER GOODALL,

        Plaintiff,

v.                                                                    Case No:  2:14-cv-399-FtM-38CM

COMPREHENSIVE WOMEN'S HEALTH CENTER, BAYFRONT MEDICAL HEALTH GROUP, BAYFRONT HEALTH PORT CHARLOTTE, STEPHEN B. RUSSELL, as the State Attorney for Florida's Twentieth Judicial Circuit, JOHN DOE I in his or her capacity as Special Assistant State's Attorney, JOHN DOE(S) II, physicians providing obstetric care at Bayfront Health Port Charlotte,

        Defendants.
_____/

## ORDER[1]

      This matter comes before the Court upon *sua sponte* review of the Complaint (Doc. #1) filed on July 18, 2014.  Under 28 U.S.C. § 455(a), "[a]ny justice, judge, or magistrate judge of the United States shall disqualify [her]self in any proceeding in which [her] impartiality might reasonably be questioned."  Any doubt "must be resolved in favor of recusal."  See Murray v. Scott, 253 F.3d 1308, 1310 (11th Cir. 2001).  Additionally, 28

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

U.S.C. § 455(b) enumerates certain circumstances in which judges must disqualify themselves from cases. Pertinent here, judges should disqualify themselves when they know their spouse "has a financial interest in . . . a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." 28 U.S.C. § 455(b)(4). Here, Community Health Services, Inc. owns Defendant Bayfront Health in Port Charlotte, and employs the undersigned's spouse. As a result, the undersigned finds a conflict of interest and must recuse herself from this case.

Accordingly, it is now

**ORDERED:**

The Honorable Sheri Polster Chappell is hereby **RECUSED** from the instant case. The Clerk of the Court is directed to reassign the case to another United States District Judge.

**DONE** and **ORDERED** in Fort Myers, Florida this 29th day of July, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record